No. 26,756.

WILLIAM DOCKING, Substituted for R. T. KREIPE, Receiver of the Oswego State Bank, *Appellee,* v. (JOSEPH D. HOLLEY, ALICE M. HOLLEY) E. D. TRIGG, *Appellant.*

SYLLABUS BY THE COURT.

1. MORTGAGES—*Redemption Period—Occupancy in Good Faith.* Real property is occupied in good faith, within the meaning of R. S. 60-3439, when it is actually occupied by a tenant of the owner of the equity of redemption.

2. SAME—*Redemption Period—Ability or Intention to Redeem.* The period of redemption of real property sold under execution, special execution, or order of sale, does not depend upon the owner's ability or intention to redeem.

Appeal from Labette district court; WILLIAM D. ATKINSON, judge. Opinion filed February 6, 1926. Reversed.

*E. L. Burton,* of Parsons, for the appellant.

*Elmer W. Columbia,* of Oswego, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from a finding and judgment, in an action to foreclose a real-estate mortgage, that the premises were not occupied in good faith, and reducing the period of redemption to six months. The question arose in this way: Joseph D. Holley and wife executed a mortgage on 210 acres of land owned by them to the Oswego State Bank to secure an indebtedness of about $5,000. This mortgage was subject to a first mortgage of $4,000 on the land. Some time thereafter Joseph D. Holley and wife conveyed the land by quitclaim deed to E. D. Trigg. Default being made in the indebtedness to the bank, its receiver sued to foreclose the mortgage, making E. D. Trigg a party defendant. After a decree of foreclosure and sheriff's sale thereunder to plaintiff for $5,300, plaintiff filed a motion for a receiver alleging waste, also a motion that the period of redemption be fixed at six months, alleging that the premises were not occupied by defendants in good faith. Upon the hearing of these motions it developed that B. W. Pinson was the real owner of the equity of redemption, that he was the real purchaser from Joseph D. Holley and wife, and had the title taken in the name of E. D. Trigg for his convenience. Trigg lived in

Mortgages, 27 Cyc. pp. 1817 n. 58, 1857 n. 68.

Texas, had never been to the farm, and all he did about it was done under the direction of Pinson and for him.  Joseph D. Holley and wife moved to Arizona.  Pinson then leased the land to Harold Holley, a son of Joseph D. Holley, for one-third of the crops and $60 rent privileges, and at the time of the hearing Harold Holley was living upon and farming the land.  His lease provided that he keep the premises in good condition of repair.  Pinson caused the hedges to be trimmed to make the place look better to a buyer, and hoped to sell it and clear up the indebtedness against it.  Two interest coupons on the first mortgage had matured since Pinson owned the place, and were unpaid.  Pinson was asked the following questions:

"Q. Do you have any intention of redeeming on fifty-three hundred? A. It is necessary to qualify your question.

"Q. Are you willing to do that?  A. Do what?

"Q. Redeem at fifty-three hundred.  A. I can't; I haven't the funds.

"Q. Is it your intention to redeem at fifty-three hundred?  A. If I could arrange the funds I would.

"Q. Assuming that you can't arrange the funds within the time, is it your intention to take the rents and profits off of the farm and just let the place go? A. That is the way I understand the law.

"Q. Just let it go and not apply any of them to repairing the buildings or taxes or interest on the first mortgage?  A. The tenant to keep the place in as good shape as it is now in hopes of making a sale or redeeming."

There was other evidence as to the condition of the farm and its value.  The court did not find that waste was being committed and denied the motion for the appointment of a receiver.  No appeal has been taken from that ruling.  The court did find "that the premises are not occupied in good faith by the defendant owner, and that because thereof the period of redemption should be six months," and entered a judgment accordingly.  From this finding and judgment thereon the defendant Trigg and Pinson have appealed, and contend there is no evidence to sustain that finding.  This contention must be sustained.  The statute provides:

"The defendant owner may redeem any real property sold under execution, special execution, or order of sale, at the amount sold for, together with interest, costs, and taxes, as provided for in this act, at any time within eighteen months from the day of sale as herein provided, and shall, in the meantime, be entitled to the possession of the property; but where the court or judge shall find that the lands and tenements have been abandoned, or are not occupied in good faith, the period of redemption for defendant owner shall be six months from the date of sale, . . . "  (R. S. 60-3439.)

This statute does not mean that the owner of the equity of redemption must personally live upon, and in that sense actually occupy, the real property in order to be entitled to the eighteen months' period of redemption; he may occupy it by a tenant, provided such occupancy be in good faith. If the real property is completely abandoned, or if there is only a pretense of occupancy which is not in good faith, the court is authorized to reduce the period of redemption to six months. There is no such situation in this case. Here there is actual occupancy, with every evidence of good faith by the owner of the equity of redemption by his tenant.

From the fact that the evidence was admitted at all, and from the argument of counsel, it seems clear that the court was influenced by the fact that the interest payments on the first mortgage were delinquent, and Pinson's testimony that he would not be able financially to redeem the property unless he could negotiate a sale of it, and in the event he could not redeem the property his plan was to retain possession of the property and to receive the rents and profits therefrom during the period of redemption, as he understood he had a right to do under the law. This evidence is foreign to the question of occupancy, and should not have been received or considered. The statute does not make the period of redemption depend upon the owner's ability or his intention to redeem.

There is no evidence in the record to sustain the court's finding. The judgment will be reversed, with directions to enter a judgment fixing the period of redemption at eighteen months from the day of the sheriff's sale.